UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 11-22505-CIV-MARTINEZ-MCALILEY

NICHOLAS A. MANZINI,

    Plaintiff,

vs.

THE FLORIDA BAR and JENNIFER FALCONE
MOORE,

    Defendants.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE MCALILEY'S REPORT AND RECOMMENDATION AND CLOSING CASE

THE MATTER was referred to the Honorable Chris McAliley, United States Magistrate Judge for a Report and Recommendation on Defendants' Motion to Dismiss Amended Complaint (D.E. No. 29). Magistrate Judge McAliley filed a Report and Recommendation, recommending that Defendants' motion be granted. Plaintiff Nicolas A. Manzini ("Plaintiff") objects to Magistrate Judge McAliley's recommended dismissal of his claims against Defendant Jennifer Falcone Moore ("Moore" or "Defendant") in Counts I and II asserted against her in her individual capacity for damages.[1] Plaintiff also asks that he be allowed to file a second amended complaint.

Specifically, Plaintiff objects to Magistrate Judge McAliley's recommended dismissal of his claims against Moore in her individual capacity for damages in Counts I and II, arguing that Magistrate Judge McAliley erred in "*sua sponte*" considering Moore's argument that she is entitled to qualified immunity, that Magistrate Judge McAliley erred in not recommending that

---

[1] The Court finds Defendant Moore's argument that Plaintiff's objections were untimely is without merit.

he be given an opportunity to file an amended complaint as to these counts, and that Moore is not entitled to qualified immunity because she was not acting within her discretionary authority when she sent a "libelous" email to Plaintiff's former client on March 18, 2010. Plaintiff also raises a new argument in his reply brief in support of his objections, arguing that he can or has alleged a violation of a federally protected right. The Court has reviewed the entire file and record and made a *de novo* review of the issues that the objections to the Magistrate Judge's Report and Recommendation present. After careful consideration and for the reasons set forth below, the Court rejects Plaintiff's objections and affirms and adopts Magistrate Judge McAliley's Report and Recommendation.

### A. Magistrate Judge McAliley's "*Sua Sponte*" Consideration of the Issue of Qualified Immunity

First, the Court finds Plaintiff's argument that Magistrate Judge McAliley erred by *sua sponte* considering Moore's argument that she is entitled to qualified immunity, which was first raised in her reply brief, is without merit. Magistrate Judge McAliley appropriately notes that Plaintiff is proceeding pro se and that she has the responsibility to *sua sponte* dismiss in forma pauperis claims seeking monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). More importantly, any possible prejudice that could have resulted from Magistrate Judge McAliley addressing this argument in her Report and Recommendation is cured by the fact that she did in fact address this argument in a Report and Recommendation and not a final order. Accordingly, Plaintiff had the opportunity to respond to the qualified immunity argument and indeed took advantage of that opportunity, addressing the issue of Moore's qualified immunity in his objections. Accordingly, this issue is completely devoid of all merit,

and the Court rejects Plaintiff's objection on this ground.

## B. Filing an Amended Complaint

Next, the Court finds Plaintiff's argument that Magistrate Judge McAliley erred by not recommending that he be given an opportunity to file a second amended complaint is equally without merit. Magistrate Judge McAliley was not required to recommend that Plaintiff be permitted to file an amended complaint. Plaintiff does not cite any case law that holds to the contrary. This is particularly true as Plaintiff argues that Magistrate Judge McAliley should have *sua sponte* allowed him to amend and not that he asked and she rejected his request. In addition, Plaintiff already filed one amended complaint, and most importantly, the time for filing an amended complaint long since expired under the Court's scheduling order. *See* (D.E. No. 34) (noting that motions to amend the complaint must be filed on or before November 21, 2011).[2] Although pro se litigants' pleadings and motions are often liberally construed, "[l]iberal construction does not mean liberal deadlines." *Wayne v. Jarvis*, 197 F.3d 1098, 1104 (11th Cir. 1999) overruled on other grounds by *Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003). In order to modify the Court's scheduling order, Plaintiff would have to show good cause. Fed. R. Civ. P. 16(b)(4). Plaintiff has not met this burden.[3] Accordingly, the Court also finds this objection is

---

[2] The Court acknowledges that it stayed discovery pending a ruling on the motion to dismiss in an Order dated January 2012. *See* (D.E. Nos. 56, 58) (duplicate copies of the order were entered on January 13, 2012 and January 18, 2012). The Court, however, never stayed or extended the deadline for filing motions to amend the complaint and said deadline passed long before the Court issued its order staying discovery.

[3] The Court also notes with regard to Plaintiff's request in his objections that he be allowed to file an amended complaint that Plaintiff still has not met this burden as he gives no reason for why he is seeking to amend his complaint so late in these proceedings. Plaintiff also fails to comply with this Court's local rule requiring that any motion to amend be accompanied by a copy of the entire pleading as amended. S.D. Fla. Local Rule 15.1. The Court really does

without merit.

### C. Discretionary Function Under Qualified Immunity as Applied to Count I

The Court also finds Plaintiff's argument that Moore is not entitled to qualified immunity as to Count I because she was not acting within her discretionary authority is without merit. When a government official is sued in her official capacity, she may assert qualified immunity. To demonstrate she is entitled to qualified immunity, a government official must first demonstrate that she was engaged in "a discretionary function when [s]he performed the acts of which the plaintiff complains." *Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1264 (11th Cir. 2004) (internal quotations omitted). In determining whether a government official was performing a discretionary function the "inquiry is two-fold." *Id.* at 1265. First, the Court asks whether the government employee was "(a) performing a legitimate job-related function (that is pursuing a job-related goal), (b) through means that were within his power to utilize." *Id.*

In his objections, Plaintiff cites *Carroll v. Gross*, 984 F.2d 392 (11th Cir. 1993) and argues "[i]n order for Ms. Moore to be immune from Plaintiff's section 1983 claim, it is necessary that 'she was acting as [an] agent of the Florida Supreme Court in disciplinary proceedings [at the time of her actions].'" (D.E. No. 63 at 18) (purportedly quoting *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993)).[4] Plaintiff argues that Moore clearly was not acting as an agent of the Florida Supreme Court because when the relevant conduct occurred no

---

not know exactly how Plaintiff is proposing to amend his complaint based on his objections. In subsection D, the Court attempts to parse what appears to be the new allegations Plaintiff wishes to make in proposing to amend his complaint and finds them lacking. For all these reasons and the reasons discussed in this Order, the Court denies Plaintiff's request to file a second amended complaint.

[4]This quote, however, does not actually appear anywhere in *Carroll*.

disciplinary proceedings were pending against Plaintiff because the Florida Bar accepted Plaintiff's consent to disbarment on March 15, 2010. (D.E. No. 63 at 19). Plaintiff also appears to argue that Moore was clearly not acting in her discretionary authority because "it is inconceivable that communicating lies such as Ms. Moore did in her libelous March 18, 2010 email as well as the subsequent actions taken by her to Plaintiff's detriment are reasonably encompassed by her work duties." *Id.* at 21.

First, *Carroll* does not state that Moore had to be acting as an agent of the Florida Supreme Court in disciplinary proceedings to be entitled to qualified immunity. In *Carroll*, the Eleventh Circuit affirmed the district court's dismissal of an action under 28 U.S.C. § 1915(d), finding that the defendants' absolute immunity justified dismissal. 984 F.2d at 393. The *Carroll* decision, which is a very short decision, found that defendants who were members of the Florida State Bar were entitled to absolute immunity because at the time of the alleged conduct they were acting as agents of the Florida Supreme Court. *Id.* Thus, *Carroll* concerns absolute immunity and not qualified immunity, which is at issue in this case, and more importantly, *Carroll* did not hold that a Florida Bar employee must be acting at a time when there are ongoing disciplinary proceedings to be entitled to qualified immunity. Thus, Plaintiff's reliance on *Carroll* is misplaced. The Court adopts Magistrate Judge McAliley's analysis of this issue and agrees that Moore was performing a discretionary function. (D.E. No. 61 at 13).

The Court also finds Plaintiff's argument that because he has alleged that Moore communicated "lies" she could not have been acting within her discretionary authority is equally without merit. Plaintiff's argument is basically that because he has alleged that a government official is guilty of misconduct that the government official should not be able to claim that she

-5-

was acting within her discretionary authority and is entitled to qualified immunity. This, however, would completely obliterate the defense of qualified immunity and is not how this Court determines whether an official is acting within his or her discretionary authority. "Put another way, to pass the first step of the discretionary function test for qualified immunity, the defendant must have been performing a function that, *but for* the alleged constitutional infirmity, would have fallen within his legitimate job description. *Holloman*, 370 F.3d at 1266 (emphasis in original). For all of the reasons discussed above, the Court finds that Moore was performing a discretionary function. Accordingly, the Court rejects Plaintiff's objection to Magistrate Judge McAliley's recommended dismissal of Count I on qualified immunity grounds.

### D.     Violation of a Federally Protected Right

Plaintiff also makes an argument for the first time in his reply brief in support of his objections that he can in fact or has in fact identified violations of the constitution or federal law. (D.E. No. 65 at 7). Specifically, Plaintiff argues that Moore violated his rights under the Sixth Amendment and his due process rights under the Fourteenth Amendment. It is unclear if these arguments are made in opposition to Magistrate Judge McAliley's recommendation that the Court grant qualified immunity as to Count I or in opposition to Magistrate Judge McAliley's recommendation that this Court dismiss Count II for failure to state a claim. The Court first finds that these arguments are untimely, and in the alternative, the Court finds that they are without merit.

First, the Court finds this new objection raised in Plaintiff's reply brief is untimely. As Magistrate Judge McAliley informed Plaintiff, he had fourteen days from the date of the Report and Recommendation, which was signed and docketed on May 1, 2012, to file his objections to

Magistrate Judge McAliley's Report and Recommendation. *See* (D.E. No. 61 at 16). Plaintiff did in fact file objections, stating three objections, which the Court has discussed and considered above. In these three objections, Plaintiff did not argue that Magistrate Judge McAliley's Report and Recommendation was in error because Moore did in fact violate his federally protected rights. On May 24, 2012, past the deadline for filing objections, Plaintiff filed his reply brief which raises this new objection. The Court finds it is untimely and denies it for this reason. *See also Abrams v. Ciba Specialty Chemicals Corp.*, 663 F. Supp. 2d 1220, 1232 n.16 (S.D. Ala. 2009) (stating that "new arguments are impermissible in reply briefs.").

In the alternative, even considering the merits of Plaintiff's argument, the Court finds Plaintiff has still failed to state federal violations. The Court finds Plaintiff's assertion that he can demonstrate a violation of the Sixth Amendment in the context of Magistrate Judge McAliley's recommended dismissal of Count II are without merit. Magistrate Judge McAliley recommended that Plaintiff's claim against Moore in her individual capacity for damages in Count II be dismissed for failure to state a claim. Specifically, in Count II Plaintiff alleged that Moore violated his Sixth Amendment rights to due process. (D.E. No. 24 at 10). Magistrate Judge McAliley, however, found that the Sixth Amendment is entirely inapplicable to Moore's alleged conduct as it applies only to criminal prosecutions, and in this Count, Plaintiff referenced only a civil proceeding. (D.E. No. 61 at 11). Plaintiff appears to argue that he could allege a Sixth Amendment violation because at the time Moore disclosed certain information in the civil state case there was a criminal investigation pending against him and because Moore allegedly "instigated" the criminal prosecution against Plaintiff without telling the judge in the civil action or Plaintiff that such a criminal investigation was ongoing or without telling anyone that she had

provided information pursuant to a subpoena in the criminal investigation. (D.E. No. 65 at 7, 11-12). Specifically, Plaintiff alleges that he had the right to view any evidence submitted to the judge in the civil case *in camera* because the same information was being considered in his criminal investigation, and he had a right to view these documents stemming from his right to confront witnesses under the Sixth Amendment. *Id.* at 11. Plaintiff's arguments, however, still focus on actions taken by Moore in the civil lawsuit and not on any actions taken in a criminal prosecution. Moreover, Plaintiff's argument is that he was deprived of the right to confront witness in the civil action and not in the criminal prosecution. Accordingly, Plaintiff has still failed to state a claim in Count II for the same reasons stated in Magistrate Judge McAliley's Report and Recommendation.

The Court also finds that to the extent Plaintiff argues he can allege the violation of a constitutional right in the context of qualified immunity and Count I, his arguments are without merit. In considering the doctrine of qualified immunity, after a government official meets the burden and demonstrates that she was engaged in a discretionary function, Magistrate Judge McAliley correctly noted that "[t]he burden thus shifts to Plaintiff, to allege facts that demonstrate that Moore's conduct violated a constitutional right <u>and</u> that, at the time of the violation, the constitutional right was clearly established." (D.E. No. 61 at 13) (emphasis in original). Magistrate Judge McAliley found in examining this shifting burden that

> Plaintiff complains that the emails violated Florida Bar rules, and amount to the tort of defamation. He alleges that her emails led to his client filing the state civil lawsuit, which led to his client successfully enjoining his bank accounts, which led to a deprivation of his property and liberty interests. However, he does not identify how this amounts to a deprivation of any federally protected right.

(D.E. No. 61 at 14). As stated above, Plaintiff now alleges that he could allege a violation of the

-8-

Sixth Amendment and the Fourteenth Amendment. For the reasons discussed above, Plaintiff's arguments relating to the Sixth Amendment are without merit.[5] The Court now discusses Plaintiff's arguments based on the Fourteenth Amendment.

Plaintiff alleges that Moore violated both his substantive and procedural due process rights under the Fourteenth Amendment by sending the March 18, 2010 email to Plaintiff's former client "falsely advising that Plaintiff had admitted trust account violations." (D.E. No. 65 at 7). Plaintiff alleges that this "false email" was "the basis" for the judge in the civil case entering an ex-parte injunction that froze Plaintiff's bank accounts for two weeks resulting in the closure of Plaintiff's law office. *Id.* at 8. In his Amended Complaint, Plaintiff alleged that based on Plaintiff's false emails his former client filed suit against him and his former "legal client was successful in getting the circuit court judge . . . to issue an injunction freezing all of . . . [his] bank accounts . . . on an ex-parte basis." (D.E. No. 24 at ¶¶ 17,18).

First, with regard to substantive due process, "[t]he substantive component of the Due Process Clause protects those rights that are fundamental, that is rights that are implicit in the concept of ordered liberty." *McKinney v. Pate*, 20 F.3d 1550, 1556 (11th Cir.1994) (internal quotations omitted). Plaintiff has not alleged that there has been a violation of a fundamental right, and he does not state a violation of his substantive due process rights.

Next, Plaintiff argues that he has a procedural due process claim for deprivation of a property interest. (D.E. No. 65 at 11). To state a claim for procedural due process a plaintiff must allege "a deprivation of a constitutionally-protected liberty or property interest; state action

---

[5]The Court notes that the allegations in Count I also relate to disclosures made by Moore in emails to a former client of Plaintiff and do not relate to a criminal prosecution against Plaintiff.

and constitutionally inadequate process." *Cryder v. Oxendine*, 24 F.3d 175, 177 (11th Cir. 1994). A plaintiff must also be able to establish an "affirmative causal connection between the defendant's acts or omissions and the alleged constitutional deprivation." *Troupe v. Sarasota County, Fla.*, 419 F.3d 1160, 1165 (11th Cir. 2005). Plaintiff alleges that he suffered a deprivation of his property interests because the judge in the state civil action froze his bank accounts for two weeks causing him to have to close his law office. (D.E. No. 65 at 10-11). Plaintiff alleges that it was Moore's disclosure of certain information to his former client in certain emails that resulted in his former client filing the state court action against him and in turn resulted in the state court trial judge freezing his bank accounts. *Id.* at 7-8, 10; (D.E. No. 24 at ¶ 17-21).[6] The state action, however, that Plaintiff is alleging caused his deprivation is the actual freezing of his bank accounts. This was done by the state court judge after he independently reviewed whatever evidence was submitted by the plaintiff in that action. As Magistrate Judge McAliley found, Plaintiff has failed to allege that the defendant in this action violated Plaintiff's federally protected rights. *See* (D.E. No. 61 at 14); *see also Whiting v. Traylor*, 85 F.3d 581, 586 n.10 (11th Cir. 1996) (holding in a section 1983 malicious prosecution case against arresting officers that often "arresting officers will not be responsible for the continuation of the prosecution because the prosecutor (or some other factor) will break the causal link between defendants' conduct and plaintiff's injury."). Accordingly, Plaintiff has not stated a claim against Moore for a violation of his procedural due process rights. It is hereby:

**ADJUDGED** that United States Magistrate Judge McAliley's Report and

---

[6] The Court acknowledges that Plaintiff has stated that Moore's emails to Plaintiff's former client contained false and misleading statements. (D.E. No. 24 at ¶ 17).

Recommendation (D.E. No. 29) is **AFFIRMED** and **ADOPTED**. Accordingly, it is:

**ADJUDGED** that

1. Defendants' Motion to Dismiss Amended Complaint (D.E. No. 29) is **GRANTED**.

2. This case is **CLOSED**, and all pending motions are **DENIED** as **MOOT**.

DONE AND ORDERED in Chambers at Miami, Florida, this 29 day of June, 2012.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge McAliley
All Counsel of Record
Nicolas A. Manzini